354 So.2d 118 (1978)
John Milton OWENS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1806.
District Court of Appeal of Florida, Third District.
January 24, 1978.
*119 Bennett H. Brummer, Public Defender and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
PER CURIAM.
John Owens appeals a judgment of conviction entered after a non-jury trial on the charge of carrying a concealed firearm, and an order of revocation of probation. He was sentenced to two concurrent one-year terms of imprisonment. Two issues are presented on this appeal. The first is whether a probationer has standing to challenge the admissibility of evidence obtained as the result of an allegedly unreasonable search and seizure, in violation of the Fourth Amendment. The second issue is whether there was probable cause for the search and seizure.
The record contains testimony as to the entire incident, including the officer's probable cause and the details of the search itself. The trial judge refused to hear argument on the defendant's motion to suppress, stating on the record that as a probationer, the defendant had no standing to challenge the allegedly unlawful search and seizure. We do not agree. A defendant does not absolutely forfeit the protection of the Fourth Amendment's prohibition against unreasonable searches and seizures merely by assuming the status of a probationer; and while evidence obtained in violation of the Fourth Amendment may be admissible against the probationer in a revocation hearing, such evidence cannot constitutionally be admitted at a criminal trial. Croteau v. State, 334 So.2d 577, 579 (Fla. 1976). Therefore, the trial judge should not have refused to hear the motion to suppress at the criminal trial solely on the basis of the defendant's status as a probationer. However, the denial of the motion to suppress was proper on another ground.
Generally, if a trial judge's order, judgment or decree is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been bottomed on an erroneous theory, an erroneous reason or an erroneous ground, the order, judgment or decree will be affirmed. Savage v. State, 156 So.2d 566 (Fla. 1st DCA 1963). While the trial court should have allowed argument on the motion to suppress, it was not error to deny the motion as the search was proper under the Fourth Amendment, and was bottomed on probable cause. See Pennsylvania v. Mimms, ___ U.S. ___, 98 S.Ct. 330, 54 L.Ed.2d 331, opinion filed December 5, 1977.
Affirmed.