377 So.2d 805 (1979)
Joel Wayne DONNEIL, a/K/a JOEL Wayne Donnell, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 79-740, 79-688 and 79-1131.
District Court of Appeal of Florida, Third District.
December 11, 1979.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before PEARSON, HUBBART and NESBITT, JJ.
PEARSON, Judge.
These consolidated appeals raise a single issue; that is, whether a defendant having been placed on probation, with a condition of probation inserted at the urging of his counsel, may thereafter be held to have violated his probation upon the sole ground that he was not a proper candidate for probation under the special condition. We hold that probation may not be violated on such a ground and reverse.
Briefly, the facts are that the defendant was represented to the trial court as being of limited mental capacity, yet capable of the commission of the crime with which he was charged. At the urging of defendant's counsel, probation was granted on a representation that it would be to the best interest of both the defendant and the State that the defendant complete a drug rehabilitation program. He did not complete the program and, upon the filing of an affidavit of violation of probation on that basis, the trial court found as follows (strikeouts included):
"It further appearing that the aforesaid has not properly conducted himself, but has violated the conditions of h____ probation in a material respect by and has been found not to be a proper candidate for probation."
This is an unfortunate situation to which the framework of the law does not provide an adequate remedy, and we must adhere to the established rule that probation may not be violated except for a willful departure from the terms thereof. Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); and Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977).
Accordingly, the order vacating the defendant's probation and sentence are reversed *806 and the cause remanded to the trial court with directions to place the defendant on probation under the original terms of the order.
Reversed and remanded.