BARKDULL, Judge.
When there was evidence before a trial court in a probation violation proceeding that a defendant had the capacity to “understand” and the “intelligence” to be a “willing participant” in a Mentally Disordered Sex Offender Program and he had determined “not to cooperate” therein, a trial court will be sustained in revoking the defendant’s probation.
The record in the instant case supports such a finding of willful failure on the part of the defendant to complete such a program which was a special condition of probation. Hines v. State, 358 So.2d 183 (Fla.1978); Brown v. State, 400 So.2d 812 (Fla. 3d DCA 1981); Ordonez v. State, 408 So.2d 760 (Fla. 4th DCA 1982); Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980); Owens v. State, 354 So.2d 118 (Fla. 3d DCA 1978).
The appellant relied heavily on Donneil v. State 377 So.2d 805 (Fla. 3d DCA 1979) as controlling the instant case. We do not agree. It is clear from the Donneil case that the defendant was of limited capacity and was not able to comprehend the program to which he was assigned as a special condition of probation. In the instant case, all the witnesses agreed that the defendant in this cause, had the intelligence and the capacity to participate in the program; therefore, we find the cited case distinguishable on the facts. The orders revoking probation and sentence thereafter, are hereby affirmed.
Affirmed.