### State v. Bleasdale
[Cite as 5 AOA 355]

*Case No. 89-A-1448
Ashtabula County, (11th)
Decided August 3, 1990*

*Gregory J. Brown, Prosecuting Attorney, Michael Franklin, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, Ohio 44047, for Plaintiff-Appellee.*

*William P. Bobulsky, 1612 East Prospect Road, Ashtabula, Ohio 44004, for Defendant-Appellant.*

FORD, J.

This appeal is taken from a decision in the Common Pleas Court of Ashtabula County, in which the trial court revoked appellant's probation.

On October 31, 1985, appellant pleaded guilty to burglary and was sentenced on January 28, 1986 to an indeterminate term of three to fifteen years. The trial court suspended execution of his sentence, and he was placed upon probation for a period of four years on December 1, 1987.

On June 17, 1988, the State of Ohio filed a complaint for violation of probation. At a hearing held on September 17, 1988, appellant was found guilty of violating the terms of his probation. Rather than revoke his probation, the trial judge ordered that probation, in addition to the original requirements, would now be conditioned up on appellant "being accepted by, and successfully completing, appropriate programs of the Comp Drug Programs."

On February 2, 1989, appellant was "terminated" from the program at Comp Drug Programs. A summary of the program indicates that appellant was diagnosed as suffering from "chronic depression, dependence and an intact delusional system which may take the form of a paranoid disorder." Since the center was not staffed to deal with such mental problems, Comp Drug recommended that appellant either be placed in a more intensive treatment facility, or be given more intensive treatment at such a facility on an outpatient basis while continuing to reside at Comp Drug. Based on these recommendations, appellant's probation officer decided to terminate him from the program at Comp Drug.

On February 3, 1989, the state filed a request to show cause why the conditions of probation should not be revoked. Counsel for appellant admitted that probable cause existed for the initiation of proceedings. On April 10, 1989, the court revoked appellant's probation and reinstated appellant's sentence of confinement. It is from this decision that this appeal has been taken.

Appellant submits one assignment of error under which he posits the following three sub-issues, which will be separately analyzed:

"The court erred to the prejudice of defendant-appellant in revoking appellant's probation.

"Issue I. It is error and a violation of fundamental due process of law for a court to revoke an existing program of probation without service upon defendant of specific, written charges.

"Issue II. The court erred to the prejudice of appellant in admitting testimony on behalf of the State based solely upon hearsay.

"Issue III. The finding of the trial court was contrary to the manifest weight of the evidence."

In the first sub-issue, appellant alleges that he was prejudiced because he was not provided with written notice of the alleged violations. He relies upon *Morrissey v. Brewer* (1972), 408 U.S. 471, and upon *Gagnon v. Scarpelli* (1973), 411 U.S. 778, for support of this proposition that due process requires that he receive such notification. Furthermore, in *State v. Mingua* (1974), 42 Ohio App. 2d 35, and *Parker v. Cardwell* (1972), 32 Ohio App. 2d 193, the courts, citing *Morrissey,* required written notice of the alleged violation be given to the defendant prior to hearings being had to revoke parole or probation.

However, given the facts in this cause, we find that any error which may have occurred was harmless. See, *e.g., State v. Brown* (1982), 7 Ohio.App. 3d 113. While appellant was not provided with formal written charges, a preliminary hearing was had. Counsel for appellant conceded that probable cause existed to initiate further proceedings. The final hearing was conducted and arguments were presented in a manner which suggests appellant was not prejudiced by the failure to receive written notice of the violation.

A similar result was obtained in *State v. Logan* (Nov. 24, 1987), Crawford App. No. 3-87-9, unreported. The *Logan* court found adequate notice and harmless error when, at a preliminary hearing, the probation officer explained the specific probation violation. The court stating at page 4 of its opinion:

"The defendant raises a purely formal defect and fails to demonstrate any negative impact on his ability to prepare a defense to the charge."

Similarly, in this cause, even though there was a lack of written notice, the appellant fails to demonstrate and the record is devoid of how he was prejudiced by such a defect. As such, no error can be found and the first sub-issue is overruled.

In the second sub-issue, appellant objects to the admission of the probation officer's testimony which relied upon his reading of the report compiled by the Comp Drug program. We find that this argument is unpersuasive.

It has long been recognized that revocation proceedings are not bound by the formal rules of evidence and need not be a full scale or formal trial. See, *e. g.*, *State v. Theisen* (1957), 167 Ohio St. 119, and *State v. Wilson* (Feb. 10, 1989), Ashtabula App. No. 1374, unreported. However, the defendant does have a right to confront adverse witnesses at such a proceeding. *Mingua* and *Parker, supra.*

However, in this case, the probation officer's testimony, based solely upon the reading of the report, does not rise to the crest of prejudicial error. In addition to his testimony on this subject, the report itself was admitted into evidence without objection by appellant. Furthermore, appellant testified regarding the contents of the report and the officer's testimony, too. In light of this evidential table, the admission of the testimony in question amounts to harmless error.

In the third sub-issue, appellant argues the decision to revoke probation was against the manifest weight. This sub-issue is sustained.

The state's position on this issue is that the appellant has failed to successfully complete the Comp Orug program, a condition of his probation, and probation should be revoked.

Appellant refers to *Weber v. State* (1898), 58 Ohio St. 616, for the position that the appellant has the right to rely on the conditions of his probation. The court also commenting on conditions stated:

"When the suspension is upon conditions expressed in the judgment, the prisoner has the right to rely upon such conditions, and so long as

he complies therewith the suspension will stand." *Weber, supra,* 619.

The ability of trial courts to suspend sentences has been greatly reduced by legislative enactment. Likewise, the legal basis of a court to arbitrarily revoke probation has been modified by judicial pronouncements. However, the logic of allowing the person to rely upon express conditions contained in the judgment still has merit. *State v. Scott* (1982), 6 Ohio App. 3d 39, involved a probation revocation for failing to make restitution. The appellate court found an abuse of discretion as there was no evidence of a willful or intentional violation. Failure to make restitution resulted from the lack of income on Scott's part.

In this case, there is no willful or intentional violation of the conditions of appellant's probation. The evidence shows that appellant was cooperating with the program. The termination of the appellant was due to the program's inability to properly minister his case.

This same factual scenario was analyzed by the Third District Court of Appeals of Florida in *Donneil v. State* (Fla. App. 1979), 377 So. 2d 805. The question in *Donneil* was:

"*** whether a defendant having been placed on probation, with a condition of probation inserted at the urging of his counsel, may thereafter be held to have violated his probation upon the sole ground that he was not a proper candidate for probation under the special condition." *Donneil, supra,* at 805.

The court answered:

"We hold that probation may not be violated on such a ground and reverse.

"***

"This is an unfortunate situation to which the framework of the law does not provide an adequate remedy, and *we must adhere to the established rule that probation may not be violated except for a (willful departure) from the terms thereof.*" *Chatman v. State,* 365 So. 2d 789 (Fla. 4th DCA 1978); *Page v. State,* 363 So. 2d 621 (Fla. 1st DCA 1978); *Barber v. State,* 344 So. 2d 913 (Fla. 3d OCA 1977)." *Id.*

Similarly, in this cause, appellant apparently suffers from some mental problems. The court initially "misdiagnosed" appellant as being drug dependent. Based upon that "finding" the court ordered drug counseling. However, after the determination that appellant suffers mentally and emotionally, the court revoked his probation. "In short, there [is] no evidence of a substantial nature in order to find the revocation justified."

*Id.* citing *Mingua, supra.* Such action in light of the court's initial response seems to be "unreasonable, arbitrary or unconscionable," and an abuse of discretion. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217.

For these reasons, the decision of the trial court is reversed and appellant's probation reinstated upon the condition appellant obtain outpatient therapy in connection with his inpatient therapy at Comp Drug.

*Judgment reversed.*

CHRISTLEY, P.J., dissents with dissenting opinion.
BANNON, J., sitting assignment, concurs.

CHRISTLEY, P.J., dissenting.
I respectfully dissent as to the opinion of the majority as to the third sub-issue:
"The finding of the trial court was contrary to the manifest weight of the evidence."
Appellant and the majority rely on *Weber v. State* (1898), 58 Ohio St. 616, for the position that the appellant has the right to rely on the conditions of his probation. That court commented on conditions stating:
"When the suspension is upon conditions expressed in the judgment, the prisoner has the right to rely upon such conditions, and so long as he complies therewith the suspension will stand." *Id.,* at 619.
The ability of a court to arbitrarily revoke probation has been reduced by judicial fiat. See *State v. Scott* (1982), 6 Ohio App. 3d 39.
In the instant case, I would agree that there was no willful or intentional violation of the conditions of appellant's probation. The evidence shows that basically appellant was cooperating with the program. Nevertheless, I see a significant factual distinction between this case and *Weber, supra, and Scott, supra.*
The most significant aspect of the February 14 Comp Drug Program final evaluation of the appellant is that Comp Drug felt appellant also had various mental conditions which it could not deal with in its drug treatment program.
The drug treatment program under R.C. 2951.04 is, by definition, limited to people whose primary problem is substance abuse and who are amenable to rehabilitation of their substance abuse. When it is brought to the attention of the court that a probationer no longer qualifies as a candidate for *substance abuse* treatment and rehabilitation, regardless of fault, it does not

become a question of whether other mental health treatment facilities are available to him. Rather it becomes a question of whether the probationer still qualifies for conditional probation under R.C. 2951.04. The suggestions made by Comp Drug Program as to alternate treatment programs did not identify other drug rehabilitation programs. Instead, it specified programs for mental illness treatment or combination drug/mental health treatment.
Conditional probation for treatment of mental illness is not contemplated under R. C. 2951 .04. Appellant 's eligibility for conditional probation for drug treatment ceased once the court determined that appellant had additional mental problems which were not treatable in a substance abuse treatment program.
Thus, what we have here is not the usual situation of an initial revocation of probation. Rather we have a situation where there was a proper predicate set for the original revocation of probation, and, a plea of guilty was entered to that allegation of probation violation. A subsequent continuation of the probation was ordered *based on an additional condition of probation* per R.C. 2951.04; to-wit: "The successful completion of a six month drug program at Comp Drug in Columbus."
In R.C. 2951.04(F), it states:
"*** If at any time after treatment has commenced, the treating facility or program reports to the probation officer that the offender fails to submit to or follow the prescribed treatment, or becomes a discipline problem, the offender shall be arrested as provided in section 2951.08 of the Revised Code and be removed from the treatment program or facility. *Such failure and removal shall be considers the court as a violation of the conditions of probation and dealt with according to law as in other cases of probation violation.* ***" (Emphasis added.)
Here the code clearly contemplates a situation where the probationer is at fault in the termination of the drug program available under R.C. 2951.04. However, that section of the code immediately goes on to say that:
"*** At any time and *for any appropriate reason,* the offender, his probation officer, the authority or department that has the duty to control and supervise the offender as provided for in section 2951.05 of the Revised Code, or the treating facility or program may petition the court to *reconsider, suspend, or modify* its order for treatment concerning that person." (Emphasis added.)

Thus, I believe that a "no fault" scenario was also envisioned by the legislature in a termination of this program. That was exactly the situation in which appellant found himself.

I would also note that there is a clear distinction between the usual terms of probation and the special probationary scenario carved out under R.C. 2951.04 Conditional Probation for Drug Treatment. Clearly not all persons who are substance abusers can be helped through the programs available to the courts under this code section. There are always going to be circumstances, such as in the instant case, where additional psychological problems or circumstances of a "no fault" nature would intervene and make successful treatment within a given program impossible.

The court would be put in a "Catch 22" situation if the only way it could modify or reconsider and terminate a prescribed drug treatment program would be through a finding of fault.

This court has reiterated the prevailing standard of review for revocation proceedings. The decision rests with the court's discretion. "Unless the judge abuses that discretion, this court will not reverse." *State v. Wilson* (Feb. 10, 1989), Ashtabula App. No. 1374, unreported, at 6.

The question becomes whether it was an abuse of discretion to revoke probation when the evidence showed that termination of the appellant's participation did not result from fault on the part of the appellant. I would hold that any probation granted under R.C 2951.04 contemplates a "no fault" termination as well as a fault termination and is therefore distinguishable from *Weber* and *McAdams*.

That being the case, I would find no abuse of discretion by the trial judge and affirm the judgment of the trial court.

Therefore, I dissent as to the third sub-issue of the sole assignment of error.