OPINION
Anthony Jones is appealing from the decision of the Miami County Municipal Court revoking his probation on the ground that he violated one of the terms of his probation, to-wit: No. 8. "I will not consume or possess alcohol or any drug of abuse or be in a bar or place that serves alcoholic beverages." Jones was required to submit to urine screening tests for drugs and alcohol during the course of his probation.
On August 10, 1999, a urine screening test revealed the presence of alcohol in his system. A probation revocation hearing was then scheduled for and held on September 3, 1999, during which, Jones, represented by counsel, admitted that he had drunk a bottle and a half of Tylenol only a few hours before the screen test and, further, that he knew that that medicine had "an alcoholic base." (Tr. 20). The supervisor of the drug testing program in Miami County testified that he had done the testing himself on the sample of urine from Jones which had been kept refrigerated in a sealed and marked vial. In his written journal entry revoking Jones' probation, the trial court stated: "Defendant in the Court's opinion did know that the Tylenol did contain alcohol and did abuse the amount of consumption of alcohol to the point of testing in excess of the legal limit." (Docket 23).
On this appeal, Jones, represented by counsel, brings to us the following four assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE PROBATION VIOLATION HEARING CONDUCTED IN THIS CASE VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES AND OHIO [sic] CONSTITUTIONS.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE APPELLANT VIOLATED THE CONDITIONS OF HIS PROBATION AS SAID FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND FURTHER THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED AND OHIO CONSTITUTIONS [sic] WHEN IT BASED ITS DECISION ON MATTERS AND EVIDENCE NOT PRESENTED AT THE PROBATION VIOLATION HEARING.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY ADMITTING CERTAIN EVIDENCE, OVER DEFENSE COUNSEL'S OBJECTION, WHEN THE STATE FAILED TO ESTABLISH A PROPER CHAIN OF CUSTODY FOR SAID EVIDENCE.
FOURTH ASSIGNMENT OF ERROR
 APPELLANT'S DEFENSE COUNSEL WAS INEFFECTIVE IN THAT HE FAILED TO ADDRESS THE TRIAL COURT'S NON-COMPLIANCE WITH THE DUE PROCESS STANDARDS SET FORTH BY THE UNITED STATES SUPREME COURT.
At the outset, we note that probation revocation is proper when the State presents "evidence of a substantial nature" supporting revocation. State v. Bleasdale (1990), 69 Ohio App.3d 68,72; State v. Scott (1982), 6 Ohio App.3d 39, 42; State v.Mingua (1974), 42 Ohio App.2d 35, 40, 71 O.O.2d 234, 237. Furthermore, the trial court's revocation decision will not be reversed absent an abuse of discretion. State v. Theisen (1957),167 Ohio St. 119,124-25; Bleasdale, supra, at 72; Scott, supra, at 42. The phrase "abuse of discretion" connotes more than an error of law or judgment. It implies that the trial court's action was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In his first assignment of error, Jones argues that the State did not present him with a written notice of the claimed probation violation, which he claims is a violation of his due process rights, citing Gagnon v. Scarpelli (1973), 411 U.S. 778 at 786. Nothing appears in the record or in the transcript of the hearing as to whether or not a written notice was provided, but the State in its brief seems to concede the fact that no written notice was given. Counsel for Jones did not raise that objection at the trial level, but Jones argues that it is a plain error violation. However, the cases he cites are not probation cases and provide no support for such an argument. It has been held, moreover, that "a lack of written notice does not mandate reversal of the trial court's decision. The probationer must show that he did not receive notice, and that this lack of notice prejudiced his ability to prepare a defense." State v. Newman (July 10, 1991), Summit App. No. CA14984, unreported. Here, the transcript of the hearing shows quite positively that both Jones and his counsel knew in advance of the hearing that the charged violation of his probation terms would be the presence of alcohol in his system. Jones is certainly not prejudiced by the lack of written notice, and his counsel very adequately presented his defense on the issue.
Jones also argues, as part of his first assignment of error, the claim he makes by his second assignment of error, that the trial court revoked his probation based at least in part on other probation violations in other cases, which were not matters presented at the hearing, and of which he had no notice prior to the hearing. It is clear, however, from a careful reading of the trial court's journal entry, that it made its first required decision, that is, whether there was a probation violation, on the fact that alcohol was found in Jones' system, and thereby he violated one of the terms of his probation. The court then considered other probation violations by Jones in determining that the proper remedy here was not to continue Jones on probation, but to order that a sentence in jail be reimposed. The other probation violations are in the record, were before the court, and Jones, having lived through them, certainly was aware of them. We cannot find that there was an abuse of discretion on the part of the trial court in either finding that Jones violated his probation by consuming alcohol or in determining that the appropriate remedy was to revoke his probation.
The first and second assignments of error are overruled.
In his third assignment of error, Jones claims that the trial court committed error by admitting into evidence the urine sample report on the grounds that the State failed to establish a proper chain of custody for that evidence. At the conclusion of the hearing, Jones did object to the admission of that report (Tr. 65), but was overruled. This court has recognized that while the State has the burden of establishing the chain of custody of a piece of evidence, that burden is not absolute since the State needs only to establish that it is reasonably certain that substitution, alteration, or tampering did not occur. Furthermore, breaks in the chain of custody go not to the admissibility of the evidence but to the weight afforded. Statev. Qualls (June 6, 1997), Clark App. No. 96-CA-68, unreported, appeal dismissed (1997), 80 Ohio St.3d 1423. See also State v.Brown (1995), 107 Ohio App.3d 194, 200; State v. Barzacchini
(1994), 96 Ohio App.3d 440, 457-458, 645 N.E.2d 137, 148; State v.Blevins (1987), 36 Ohio App.3d 147, 150, 521 N.E.2d 1105, 1109.
At the hearing, James F. Garrity, the supervisor of the drug testing program in Miami County Municipal Court, testified concerning the chain of custody of the urine sample as follows:
 PROSECUTOR DAVID HENRY: Could you explain to the Court how you receive samples of urine.
 JIM GARRITY: How we receive the samples of urine — the uh — the jail, probation officers they take the sample from the Defendant and then they in turn the sample is placed into a bottle and it is labeled and it is sealed across the top with tape. After it is sealed and uh properly identified and logged it is placed into a in a refrigerator — a locked refrigerator — in the probation department or a locked refrigerator in the county jail until myself goes to the jail and picks it up the next morning. It is then unlocked — the — the refrigerator is locked and then it is brought to the lab where it is tested. If, after the test is completed the sample is negative the sample is destroyed if the sample is positive the positive sample is retained in a locked refrigerator or a locked freezer in the lab. It is retained for two (2) weeks after if we do not hear from the probation officer within the two (2) week period then that sample is also thawed out and destroyed.
 PROSECUTOR DAVID HENRY: Alright. I am going to hand you Plaintiff's Exhibit Number Two (2). Can you identify that?
 JIM GARRITY: Yes this is a copy of the Axsym report of 08/10/99 on an Anthony Jones and it is a jail sample and the jail sample was taken on 08/10/99 the last four (4) digits of Mr. Jones Social Security Number is 3077 appear on there and it is customary that when we retrieve a sample from the jail it is run pot, coke and ethanol — ethanol being alcohol. The results of this test at 7:20 a.m. a result of 0.165% for ethanol that being over the limit of 0.013 that the machine automatically retested that same sample at 0.157% at 7:43 a.m. that morning of 08/10/99.
(Tr. 43-44).
During cross-examination, counsel for Jones attacked the chain of custody, primarily on the ground that witness Garrity could not testify as to how many keys there were to the refrigerator in which the sample was stored and who had them. The inability of the witness to identify how many keys there were to the refrigerator and who had them is not itself evidence that someone had a key and likely tampered with the evidence. In any event, as we have stated already, the inference that the sample was possibly accessible to others goes to the credibility of the evidence, not its admissibility. We cannot find that the trial court abused its discretion in admitting that evidence.
The third assignment of error is overruled.
In his fourth assignment of error, Jones argues that his trial counsel was ineffective in that he did not object to the lack of written notice, and that had one been given, it would have either ruled out the court's alleged reliance on other probation violations or, had they been included in the notice, Jones and his counsel would have been put on notice that he had to defend against them also. As we already found, however, the apparent lack of a written notice did not prejudice Jones. Both he and his counsel were well aware that the presence of alcohol in Jones' body was the issue presented for grounds for revocation of his probation. Furthermore, the court did not rely on other violation probations in finding a violation in this case; it cited them only to buttress its decision that the proper remedy would be to revoke the probation and send Jones to jail, rather than to extend it under any other conditions.
The fourth assignment of error is overruled.
The judgment is affirmed.
 ________________________________ FREDERICK N. YOUNG, J.
BROGAN, J. and FAIN, J., concur.