OPINION
Daniel L. Austin was indicted on two counts of passing bad checks, in violation of R.C. 2913.11(A). After a trial by jury, he was found guilty. The trial court fined Austin $500.00 and sentenced him to two years of community control including up to six months in the county jail with work release. The judgment entry indicated that if Austin violated the conditions of the sentence, he could receive a prison term of up to eleven months on each count, to be served consecutively. In a separate judgment entry, the trial court listed seventeen conditions which Austin was to follow while under basic community control supervision. One of the conditions stated that Austin was to report to his probation officer on every Monday. Another condition required Austin to pay a minimum of $150.00 per month, beginning December 1, 1998 and continuing until his court costs and restitution were paid in full.
On August 17, 1999, Austin's probation officer filed a motion and affidavit with the court, stating that Austin had not reported to the probation department and had not made the minimum payments as required by the conditions of his basic community control supervision.
On September 15, 1999, the matter came before the court. Austin and his appointed attorney were present and were given an opportunity to review the alleged violations. Austin then waived his right to a probable cause hearing and asked that the matter be set for an evidentiary hearing.
An evidentiary hearing took place on November 3, 1999. The following people testified at the hearing: Leonard Kacynski, Austin's probation officer; James Armstrong, Austin's attorney in the case involving the two charges of passing bad checks; and Austin. Following the evidentiary hearing, the trial court found that Austin had violated the two conditions of his basic community control supervision. The trial court revoked his probation and sentenced him to a prison term of eleven months for each count, to be served consecutively. Austin now appeals the trial court's revocation of his probation.
Counsel was appointed to prosecute an appeal, and on February 14, 2000, appointed appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396 therein asserting that, after a thorough review of the record, he could find no arguably meritorious appellate issues to present. As a potential assignment of error, he asserted that the trial court's judgment was against the manifest weight of the evidence.
On February 17, 2000, we notified Austin of the fact that his appellate counsel had filed an Anders brief, and we accorded Austin sixty days within which to file a pro se brief assigning any errors for review by this court. Austin has not filed a prose brief.
Probation revocation is proper when the state presents "evidence of a substantial nature" to show that revocation is justified. State v. Bleasdale (1990), 69 Ohio App.3d 68, 72,590 N.E.2d 43, 45-46 (quotation omitted); State v. Armstrong (Apr. 14, 2000), Montgomery App. No. 17843, unreported. "It is unconstitutionally discriminatory to revoke probation and imprison an indigent probationer for the nonpayment of fines and costs, where the record shows that the only reason for nonpayment is an inability to pay, and there is no evidence that the probationer willfully or intentionally failed or refused to pay such fines and costs or willfully or intentionally failed to obtain employment in order to pay them." State v. Scott (1982), 6 Ohio App.3d 39, 41,459 N.E.2d 517, 519.
We will not reverse the trial court's decision to revoke probation absent an abuse of discretion. State v. Theisen (1957),167 Ohio St. 119, 124-125, 146 N.E.2d 865, 869. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137,566 N.E.2d 1181, 1184 (quotation omitted).
We first address the potential assignment of error presented by appellate counsel. Kacynski testified that he had reviewed the conditions of Austin's probation with Austin on the day that he was sentenced. Kacynski stated that he had also sent a certified letter to Austin, telling him to report to the probation department on Mondays, but that Austin had never reported as required. Kacynski testified that Austin had made a $100.00 payment, but that he had failed to make further payments.
Austin testified that he had received Kacynski's certified letter in the mail, and that he had sent Kacynski a letter in response, telling him to send any further correspondence to his former attorney, Armstrong. Austin testified that he been on probation in 1995 and that during that probation period, he had reported to the probation department every Monday and that his probation had been successfully terminated. He admitted that he had known that he needed to make payments but stated that he had not made the payments because he had not had a job. There was no testimony regarding whether he had attempted to find employment or whether he had willfully and intentionally failed to obtain employment.
Based upon this evidence, we cannot conclude that the trial court abused its discretion in revoking Austin's probation. Although the record does not reveal the reason for Austin's lack of employment, he violated a condition of his probation when he failed to report to the probation department weekly and such evidence alone was sufficient to justify the revocation of his probation. Thus, Austin's appellate attorney properly concluded that this issue, i.e., whether revocation was against the manifest weight of the evidence, did not have arguable merit.
We have fulfilled our responsibility to independently examine the record of the proceedings of the trial court in this case. Upon consideration of the record and the applicable law, we conclude that appointed appellate counsel is correct in his assessment that there are no arguably meritorious issues to present on appeal.
Accordingly, the judgment of the trial court will be affirmed.
GRADY, P.J. and YOUNG, J., concur.