[Cite as *State v. Amos*, 2016-Ohio-917.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| SHASTA D. AMOS, | : | |
| | | **RELEASED: 3/3/2016** |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy P. Gleeson, Logan, Ohio for appellant.[1]

Harsha, J.

{¶1}   Sometime after Shasta D. Amos received a community control sanction on a conviction for OVI, she subsequently pleaded no contest to a theft charge. Upon finding her guilty of theft, the court also found Amos had violated the terms of her community control by failing to provide a medical excuse for missing drug program requirements. Accordingly, the trial court imposed a jail sentence for her violation of community control. Amos appeals her termination of community control, but her counsel advises us that he has reviewed the record and can discern no meritorious claim for appeal.  Counsel moved for leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  After independently reviewing the record, we agree with counsel's assessment.  We find that this appeal is wholly frivolous, grant the motion for leave to withdraw, and affirm the judgment of the trial court.

I. FACTS

---

[1] Appellee State of Ohio has not filed a brief in this case.

{¶2}    In 2014, the trial court convicted Amos of OVI and placed her on

community control for a year.  Six months later, the community control department filed

notice that Amos had violated the terms of her probation because she had been

charged with theft and she had failed to complete the drug court program.  The alleged

violations stated:

> COUNT ONE: You shall refrain from violations of any law * * *, any infraction may
> result in a community control violation wherein original jail time may be imposed.
> * * * To-wit: on 11-15-2014 the defendant received a new theft charge.

> COUNT TWO: You shall successfully complete and provide of [sic] completion of
> any program to which you are ordered: To wit on 10-29-2014 during a home visit
> to the defendant's home the defendant was advised that she would need to
> obtain a medical clearance so she can return to the drug court program or she
> would need to obtain a medical statement from her physician stating that she is
> unable to access the handicap accessibility of the court. The defendant has failed
> to provide such documentation and has failed to return to probation for
> appointments or to the drug court program.

{¶3}    Ultimately, Amos pleaded no contest to a charge involving a theft at a

Walmart store in November 2014 and the trial court found her guilty. Then, the state

presented evidence of Amos's failure to complete the drug court program.  Probation

Officer Melissa Hall testified that Amos broke her leg in August 2014 and provided

documentation concerning her injuries. The documentation served to excuse Amos's

participation in the program up through October 3, 2014.  By both a telephone call and a

subsequent home visit in October 2014, Officer Hall informed Amos that her medical

excuse had expired and she would need additional medical documentation that either

she is medically cleared to return to the drug court appointments or that she cannot use

the handicap accessibilities provided by the drug court program.  Amos failed to provide

this additional medical documentation. Instead, Officer Hall received two medical

statements. One from November 2014, stated that Amos cancelled a medical

appointment November 3, 2014 and was a no-show for the make-up appointment scheduled a few days later. A second from December 2014 reported another no-show appointment. The medical documentation did not indicate whether Amos was unable to use the handicap accessibility or otherwise elaborate on the current state of her medical condition.

**{¶4}** The trial court determined that Amos violated her "probation" [2] because she did not have a justification excusing her from appearing for the drug court program or meeting with her probation office after her initial medical excuse expired. The trial court sentenced Amos to 15 days in the Gallia County Jail as a penalty for violation of her probation.

## II. MOTION TO WITHDRAW AND *ANDERS* BRIEF

**{¶5}** Although Amos appealed her community control termination, her appellate counsel filed a motion for leave to withdraw and an *Anders* brief. In *State v. Lester*, 4th Dist. Vinton No. 12CA689, 2013-Ohio-2485, ¶ 3, we discussed the pertinent *Anders* requirements:

> In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Anders* at 744. The client should be furnished with a copy of the brief and given time to raise any matters the client chooses. *Id.* Once these requirements are met, we must fully examine the proceedings below to determine if an arguably meritorious issue exists. *Id.* If so, we must appoint new counsel and decide the merits of the appeal. Id. If we find the appeal frivolous, we may grant the request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

---

[2] The trial court used the term "probation" throughout the proceedings. Community control sanctions are the current alternative to probation, and may include probation as community control sanction. Katz & Giannelli, *Criminal Law*, Section 123:7 (3d Ed. 2009).

{¶6}     Amos's counsel complied with these requirements by filing a motion for leave to withdraw and furnishing Amos with a copy of the brief. Amos had an additional 30 days to file pro se brief, but she chose not to.

## III. POTENTIAL ASSIGNMENTS OF ERROR

{¶7}     Amos raises the following potential assignment of error:

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT TERMINATED DEFENDANT-APPELLANT'S COMMUNITY CONTROL AND IMPOSED A JAIL SANCTION UPON EVIDENCE INSUFFICIENT TO SUPPORT REVOCATION.

## IV. LAW AND ANALYSIS

### A.  Sufficiency of Evidence to Support Revocation

{¶8}     Amos's counsel asserts that the trial court potentially erred in revoking her community control because there was insufficient evidence to support the court's finding that she violated the terms of her sanction as set forth in count two of the notice. Amos argues that she was unable to comply due to her medical condition; therefore, the violation was due to circumstances beyond her control. However, counsel also concedes that the trial court determined that Amos had missed several medical appointments and failed to provide sufficient medical documentation confirming the status of her condition. Therefore, the conduct that violated her community control was her failure to provide supplemental medical documentation and this was a matter within her control. Additionally, counsel concedes that because count one of her community control violation was based on the theft charge that she pled no contest to, any error the trial court may have made regarding the second count was harmless.

{¶9}    Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. *State v. Johnson*, 4th Dist. Meigs No. 14CA10, 2015-Ohio-1373, ¶ 13; *State v. Wolfson*, 4th Dist. Lawrence App. No. 03CA25, 2004–Ohio–2750, ¶ 7. Instead, the prosecution must present proof of a "substantial nature" that a defendant violated the terms of his community control sanctions. *Johnson at ¶ 13.* We equate this lower burden with the preponderance of the evidence burden of proof. Accordingly, we have applied the "some competent, credible evidence" standard set forth in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E .2d 578 (1978), to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the evidence. *Johnson* at ¶ 13; Wolfson at ¶ 7. Thus, we conclude the appropriate review in this matter is twofold. First, we review the record to determine whether there is some competent credible evidence to support the court's finding that Amos violated the terms of probation or community control. If so, then we review the sanction under the more deferential abuse of discretion standard. *Johnson* at ¶ 13; *In the Matter of C.M.C.*, 4th Dist. Washington No. 09CA15, 2009–Ohio–4223, ¶ 17.

{¶10}   In his *Anders* brief counsel argues that even though the state is not required to prove that a defendant acted wilfully, courts have reversed revocation where the violation was due to circumstances beyond the defendant's control. *Wolfson* at ¶ 11. For example, revocation was reversed where the defendant was diagnosed with various psychological disorders making him unable to complete a drug rehabilitation program. *State v. Beasdale*, 69 Ohio App.3d 68, 590 N.E.2d 43 (11th Dist. 1990) He argues that Amos's broken leg was a condition outside of her control. Therefore, if the trial court's

revocation arose out of the medical condition, then it was a condition outside her control. However, he concedes that the evidence at the hearing was that she failed to obtain sufficient medical documentation of her on-going medical status. And, the record shows that Amos was given a medical excuse up through October 3, 2014, which the probation officer honored.  Count two of her violation was based on her failure to provide a medical update of her condition after October 3, 2014 and whether she could use the handicap accessibility provided by the drug court to attend appointments.  This was conduct within her control and formed the basis of the trial court's revocation. Thus, there was competent credible evidence to support the trial court's finding that Amos violated the terms of community control.

{¶11}  Additionally, we agree with counsel that count one, involving the misdemeanor theft offense, forms an independent basis for establishing a violation and makes any potential error in the trial court's decision on the second count harmless.

{¶12}  Counsel makes no argument that the trial court abused its discretion when it imposed a jail sentence for the violation and we have found no independent basis for such a finding.

{¶13}  We overrule Amos's sole potential assignment of error.

## V. CONCLUSION

{¶14}  Because the potential assignment of error is meritless and having independently discovered no arguably meritorious issues for appeal, we find this appeal is wholly frivolous, grant counsel's motion to withdraw, and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:  Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.


For the Court


BY:  _____
         William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**