[Cite as *State v. Noonan*, 2019-Ohio-2960.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2018-10-203 |
| | | CA2018-10-204 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 7/22/2019 |
| - vs - | | |
| | : | |
| WHITNEY A. NOONAN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2018-01-0067 and CR2018-04-0683

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant

**M. POWELL, J.**

{¶ 1}   Appellant, Whitney Noonan, appeals a decision of the Butler County Court of Common Pleas revoking her community control and sentencing her to prison.

{¶ 2}   In June 2018, appellant pled guilty to a fourth-degree felony count of theft from a person in a protected class in Case No. CR2018-01-0067 ("Case No. 67") and to a fifth-

degree felony count of attempted failure to appear in Case No. CR2018-04-0683 ("Case No. 683"). On July 20, 2018, the trial court sentenced appellant to three years of community control in both cases. The sentencing entries provided general conditions of supervision and several court-ordered community control conditions. As relevant here, appellant was required to successfully complete a substance abuse treatment program at Sojourner Recovery Services, an inpatient residential alcohol, drug abuse, and mental health treatment facility. Appellant was further required to "enter, comply with, and complete the Court Directed Addiction Treatment (C.D.A.T.) Program" and "to comply with all the terms and conditions of the Drug Court (C.D.A.T.) Participation Agreement." The terms of the agreement included successful completion of the Sojourner treatment program.

{¶ 3} Appellant entered the Sojourner treatment program on August 2, 2018. On August 24, 2018, appellant sought emergency medical treatment at Fort Hamilton Hospital for chest pain and numbness in her left arm. She was treated and released that same day. On September 4, 2018, appellant sought emergency medical treatment at the hospital for chest pain. She was diagnosed with and hospitalized for chronic infective endocarditis and pulmonary embolism. She was released from the hospital on September 10, 2018. The next day, however, appellant once again sought emergency medical treatment at the hospital for difficulty breathing. She was diagnosed with MRSA and hospitalized for several days. On September 18, 2018, appellant was "medically discharged" from the Sojourner treatment program due to the severity of her medical issues.

{¶ 4} On September 27, 2018, appellant's probation officer filed a violation of community control affidavit in both cases. The affidavits alleged that appellant violated the conditions of her community control by being unsuccessfully discharged from the Sojourner treatment program. On October 26, 2018, the trial court held a hearing on appellant's

community control violations. Mike Campbell, appellant's probation officer, and Casey Clay, appellant's clinical dependency counselor at Sojourner, testified at the hearing. The parties' exhibits were admitted into evidence, including appellant's discharge summary from Sojourner prepared by Clay.

{¶ 5} Campbell and Clay both testified that appellant was discharged from the Sojourner treatment program for medical reasons and that such discharge was not a successful discharge. Campbell understood that appellant was "medically terminated" from the Sojourner treatment program because it could not handle appellant's medical conditions which included lung and heart problems and which resulted in several hospitalizations. Campbell further testified that on September 7, 2018, appellant called him and informed him that while she was hospitalized, a visitor injected her with heroin and then left, and that she had to be revived with Narcan. Appellant's counsel objected to this testimony; the trial court overruled the objection.

{¶ 6} Clay testified that other than one minor violation involving a cellphone, for which appellant was not discharged, and some conflicts with peers, appellant did well in group participation. Clay testified that it was not until appellant's medical issues became worse that she no longer benefitted from the treatment program. Consequently, appellant was medically discharged from Sojourner as her medical issues prevented her from benefitting from or participating in the program. Clay testified that once appellant took care of her medical issues, she would be welcome back into the program. Clay affirmed that appellant was not discharged from the program for doing anything wrong.

{¶ 7} At the conclusion of the hearing, the trial court found that appellant had violated her community control in both cases by being unsuccessfully discharged from the Sojourner treatment program and by overdosing on heroin while hospitalized. The trial

court further noted appellant's poor performance during the pretrial phase of the case and in "Drug Court." The trial court then sentenced appellant. Noting that appellant's discharge from treatment was not a technical violation and that appellant overdosing on heroin "would constitute a new felony offense," the trial court sentenced appellant to 12 months in prison in both cases, to be served concurrently. The sentencing entries terminating appellant's community control in both cases and sentencing her to an aggregate 12-month prison term were journalized on October 26, 2018. At the hearing and in both sentencing entries, the trial court gave appellant 94 days of jail-time credit.

{¶ 8} Appellant now appeals, raising three assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS WERE VIOLATED WHEN SHE WAS NOT GIVEN NOTICE OF AN ALLEGED COMMUNITY CONTROL VIOLATION.

{¶ 11} Appellant asserts that the trial court revoked her community control in part for overdosing on heroin. Appellant argues that the revocation of her community control for overdosing on heroin violated her due process rights because the notice of community control violation filed by Campbell only alleged she had been discharged from the Sojourner treatment program, not that she had used or possessed heroin.

{¶ 12} Crim.R. 32.3(A) provides that a trial court "shall not impose a prison term for violation of the conditions of a community control sanction * * * except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

{¶ 13} A defendant is entitled to due process when his or her community control is revoked as a result of a violation of a community control condition. *Gagnon v. Scarpelli*,

- 4 -

411 U.S. 778, 786, 93 S.Ct. 1756 (1973). The due process rights which must be observed in a community control revocation hearing are (1) written notice of the claimed violations of community control, (2) disclosure of evidence against the offender, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *State v. Shumway*, 2d Dist. Greene No. 2017-CA-51, 2018-Ohio-1227, ¶ 11; *Columbus v. Bickel*, 77 Ohio App.3d 26, 34 (10th Dist.1991). "[A] revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *Shumway* at ¶ 12.

**{¶ 14}** We find that appellant's due process rights were not violated. The written notice of community control violation only alleged that appellant had violated the terms and conditions of her community control by being discharged from the Sojourner treatment program. Appellant's probation officer testified he initiated the revocation of appellant's community control based upon appellant's unsuccessful discharge from the Sojourner treatment program. More importantly, and despite the trial court's remarks at the October 26, 2018 community control violation and sentencing hearings regarding appellant's heroin overdose, both sentencing entries terminating appellant's community control plainly state she had violated her community control by being discharged from the C.D.A.T. Program, hence by being discharged from the Sojourner treatment program. It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 12; *State v. Coyle*, 12th Dist. Clermont No. CA97-02-014, 1997

Ohio App. LEXIS 4582, *6 (Oct. 13, 1997).

{¶ 15} Appellant's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT VIOLATED THE TERMS OF HER COMMUNITY CONTROL.

{¶ 18} Appellant argues the trial court abused its discretion in finding she violated her community control and in revoking her community control based upon her discharge from the Sojourner treatment program.  Appellant asserts her failure to successfully complete the Sojourner treatment program was due to circumstances beyond her control, namely, her significant medical issues and her resulting inability to benefit from or participate in the treatment program.  In other words, appellant asserts she did not violate the terms of her community control; rather, she was unable to comply with them.

{¶ 19} A trial court's decision revoking community control may only be reversed on appeal if the trial court abused its discretion.  *State v. Bishop*, 12th Dist. Clermont No. CA2010-08-054, 2011-Ohio-3429, ¶ 11.[1]   An abuse of discretion occurs when the trial court's attitude is unreasonable, arbitrary, or unconscionable.  *Id.*  "A trial court does not abuse its discretion by revoking an offender's community control where the violation in question was one over which the offender had control."  *State v. Tranter*, 12th Dist. Clermont No. CA2000-05-035, 2001 Ohio App. LEXIS 1413, *11 (Mar. 26, 2001).

---

1. In its brief, the state suggests that we should review the trial court's revocation of appellant's community control pursuant to R.C. 2953.08(G)(2), and not under an abuse of discretion standard, as "this authority pre-dates the enactment of R.C. 2953.08, applied by this Court to revocation proceedings * * * in *State v. Bishop*, 12th Dist. Clermont Nos. CA2018-05-031 [and] CA2018-05-036, 2019-Ohio-592, ¶ 8." *Bishop*, however, challenged the imposition of a prison sentence following the revocation of community control, not the trial court's finding that community control was violated.  We therefore properly reviewed the felony sentence in *Bishop* pursuant to the standard of review set forth in R.C. 2953.08(G)(2).  By contrast, appellant's second assignment of error solely relates to the trial court's finding that appellant violated her community control.  The decision of a trial court finding a violation of community control will not be disturbed absent an abuse of discretion. *State v. Kaimachiande*, 3d Dist. Logan No. 8-18-57, 2019-Ohio-1939, ¶ 33.

{¶ 20} "'The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.'" *State v. Russell*, 11th Dist. Lake No. 2008-L-142, 2009-Ohio-3147, ¶ 7, quoting *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist.1990). The state has the burden to prove the offender violated the terms of community control. *State v. Michael*, 3d Dist. Henry No. 7-13-05, 2014-Ohio-754, ¶ 20. The state is only required to present substantial evidence that the offender violated the terms of his community control. *State v. Miller*, 6th Dist. Fulton No. F-05-016, 2006-Ohio-4810, ¶ 15.

{¶ 21} In a case similar to the case at bar, a defendant was sentenced to probation on the condition that he successfully complete a specific drug rehabilitation program. *State v. Bleasdale*, 69 Ohio App.3d 68 (11th Dist.1990). The defendant was subsequently terminated from the program after he was diagnosed with several mental disorders and the rehabilitation center determined it was not equipped to deal with the defendant's mental problems. The center recommended that the defendant be placed in a more intensive treatment facility or be given more intensive outpatient treatment while still residing at the center. As a result of his discharge from the program, the defendant's probation was revoked and he was sentenced to a prison term.

{¶ 22} On appeal, the Eleventh Appellate District reversed the trial court's decision. The appellate court held that the trial court had abused its discretion in revoking the defendant's probation because the defendant had not intentionally violated the conditions of his probation. *Id.* at 72. Rather, "[t]he evidence shows that [the defendant] was cooperating with the program. The termination of the [defendant] was due to the program's inability to properly minister his case." *Id.* The appellate court further stated, "after the determination that [the defendant] suffers mentally and emotionally, the court revoked his

probation. In short, there [is] no evidence of a substantial nature in order to find the revocation [is] justified." *Id.*

{¶ 23} The Eleventh Appellate District subsequently clarified its *Bleasdale* ruling as follows:

> This court reversed the decision on the basis that the violation was due to circumstances beyond the defendant's control. * * * Thus, *[this ruling] indicate[s] that an inability to comply can not [sic] constitute grounds for revocation. That is not equivalent to requiring an intent to violate a probation term.*

(Emphasis added.) *State v. Stockdale*, 11th Dist. Lake No. 96-L-172, 1997 Ohio App. LEXIS 4363, *6 (Sep. 26, 1997).

{¶ 24} By contrast, community control violations were found to be due to circumstances within a defendant's control where a defendant was unable to successfully complete a sexual offender treatment because of his failure to recognize the seriousness of his offense and his risk to reoffend, where a defendant refused to take his medications, and where a defendant resisted a batterer's treatment program, claimed he did not need to participate, and failed to participate from the beginning. *See State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831; *State v. Wolfe*, 5th Dist. Stark No. 2008-CA-00064, 2009-Ohio-830; and *Michael*, 2014-Ohio-754.

{¶ 25} At the October 26, 2018 hearing, Campbell and Clay both testified that appellant was discharged from the Sojourner treatment program because of her medical issues and her resulting inability to benefit from or participate in the treatment program. Evidence of appellant's medical issues and hospitalizations while she was in the Sojourner treatment program was supported by five exhibits, including discharge summaries from Fort Hamilton Hospital and appellant's discharge summary from the Sojourner treatment program. *See State v. Solomon*, 5th Dist. Morrow No. 2012-CA-7, 2012-Ohio-4884;

*Michael.* The exhibits show that between August 2, 2018, and September 18, 2018, appellant sought emergency medical treatment three times, was diagnosed with chronic infective endocarditis, pulmonary embolism, pneumonia, and MRSA, and was consequently hospitalized.

{¶ 26} Appellant's discharge summary from the Sojourner treatment program plainly states that "[d]ue to severity of medical needs, client is unable to participate in and benefit from [the] treatment at this time. She is *neutrally* medically discharged * * * to manage her physical health needs. When she is medically cleared to return, she is encouraged to seek readmission." (Emphasis added.) The discharge summary further indicates that appellant was already suffering from chronic endocarditis when she entered the Sojourner treatment program and that while in the program, she was referred for heart surgery and informed she would need constructive open surgery as soon as possible.

{¶ 27} We find that the trial court abused its discretion in finding that appellant violated her community control because she failed to successfully complete the Sojourner treatment program. Appellant's participation in the treatment program was dependent upon Sojourner's ability to provide appellant with services which it was unable or unwilling to do because of appellant's medical conditions. Appellant's discharge from the treatment program was due solely to her medical issues. The violation in question was therefore not one over which appellant had control but rather was due to Sojourner's inability to provide services to appellant, thereby preventing her from complying with the terms of her community control. "In short, there [is] no evidence of a substantial nature in order to find [that] the revocation [is] justified." *Bleasdale*, 69 Ohio App.3d at 72. The trial court's revocation of appellant's community control is accordingly reversed and appellant's community control is reinstated. *Id.*

{¶ 28} Appellant's second assignment of error is sustained.

{¶ 29} Assignment of Error No. 3:

{¶ 30} THE TRIAL COURT ERRED AS TO APPELLANT'S JAIL TIME CREDIT.

{¶ 31} The trial court originally sentenced appellant to three years of community control in both cases in July 2018. The sentencing entry in Case No. 67 notified appellant that violation of her community control could result in a 12-month prison term "with credit for 96 days as of this date." The sentencing entry in Case No. 683 provided no jail-time credit. Subsequently, the trial court's October 26, 2018 entries revoking appellant's community control and sentencing her to 12 months in prison in both cases reflected a jail-time credit of only 94 days. Appellant argues that both jail-time credit figures cannot be correct and requests that the matter be remanded for the trial court to issue a nunc pro tunc entry with the correct jail-time credit. Appellant does not state which jail-time credit figure is correct. We find we need not reach the merits of appellant's arguments.

{¶ 32} The term "jail-time credit" is used as shorthand for custody credit. *State v. White*, 12th Dist. Clermont Nos. CA2015-12-102 and CA2015-12-103, 2016-Ohio-5878, ¶ 1, fn. 1. "A prisoner receives credit for any time spent in confinement, including 'confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.'" *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 1, fn. 1, quoting R.C. 2967.191. Jail-time credit relates only to the length of a sentence and not the underlying conviction. *State v. Burns*, 12th Dist. Clermont No. CA2018-03-015, 2018-Ohio-4657, ¶ 21.

{¶ 33} Given our holding above reversing the trial court's revocation of appellant's community control and reinstating such community control, we find that the issue is not

- 10 -

presently "ripe" for review.  Because appellant will once again serve a term of community control, and not a term of imprisonment, pursuant to our remand, there is no issue concerning jail-time credit that can be determined at this time either by the trial court or by this court.  *See State v. Bradley*, 2d Dist. Champaign No. 02CA35, 2003-Ohio-4707.  "In other words, the issue [appellant] raises in this appeal is not ripe for judicial review at this time."  *Id.*  The appropriate time to raise the issue will be when, and if, appellant once again violates her community control and the trial court reimposes a sentence of imprisonment following such community control violation.  *Id.*

{¶ 34} Appellant's third assignment of error is overruled.

{¶ 35} The trial court's revocation of appellant's community control is reversed and appellant's community control is reinstated.  The matter is remanded to the trial court to determine whether and how the terms and conditions of appellant's community control can be modified to allow appellant to undergo a substance abuse treatment program while actively and affirmatively addressing her medical issues in a manner consistent with this opinion.

{¶ 36} Judgment reversed and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.