[Cite as *State v. Barnett*, 2023-Ohio-3132.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-A-0016 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| SAMUEL KING BARNETT, | Trial Court No. 2018 CR 00705 |
| Defendant-Appellant. | |

## O P I N I O N

Decided: August 29, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Samuel Barnett, appeals his sentence from the Ashtabula County Court of Common Pleas after he pled guilty to violating community control sanctions. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw. In his brief, counsel asserts there are no meritorious issues for appeal and thus, the matter is wholly frivolous. After considering the record, pursuant to *Anders*, *supra*, we agree with counsel, affirm the trial court, and grant counsel's motion to withdraw.

{¶2} On February 7, 2020, Appellant pled guilty to one count of Trafficking in Marihuana, a fifth-degree felony in violation of R.C. 2923.02(A). The court accepted his guilty plea. On April 3, 2020, the court sentenced Appellant to two years of community control. On May 21, 2021, Appellant had not appeared to the probation department in compliance with his community control conditions, and the court issued a capias for Appellant's arrest. Appellant was arrested in February 2023.

{¶3} On March 10, 2023, the trial court held a "Probation Violation Hearing." At the hearing, Appellant waived his rights to the preliminary and final hearings on the violation. He subsequently pled guilty. The court advised him of the rights he would have had at the hearings if they were held. Appellant stated that he understood his rights, and the court found that he voluntarily, intelligently, and knowingly waived his rights and pled guilty to violating community control sanctions. The court allowed Appellant and trial counsel to speak in mitigation of his sentence. The court found that Appellant had a criminal history (including criminal charges after the 2020 charge for which the court placed Appellant on community control) and failed to appear to the probation department for "two years." The court sentenced Appellant to a total of 312 days in jail.

{¶4} Appellant timely appealed. Counsel filed Appellant's appellate brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel represented that he had reviewed the record, found no meritorious issues upon which to base an appeal, and moved to withdraw. This court granted Appellant 30 days in which "to file his own submission, if he so chooses, which raises any arguments in support of the appeal." This court held counsel's request to withdraw in abeyance. Appellant has not filed any further brief or memorandum in support of his appeal.

2

{¶5} In *Anders*, the United States Supreme Court outlined the proper steps to follow in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; * * * counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5, citing *Anders* at 744. The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744.

{¶6} In his brief, Appellant raises one potential area for review which may arguably support his appeal.

{¶7} Appellant's potential issue: "The trial court erred in imposing a prison sentence on defendant-appellant, Samuel K. Barnett, instead of extending community control sanctions as recommended by Mr. Barnett's trial counsel."

{¶8} The appellate standard of review for felony-sentencing is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. That provision states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

3

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶9}** "A sentence is contrary to law when it is 'in violation of statute or legal regulations * * *.'" *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34.

**{¶10}** Appellant's sentence is not contrary to law and complies with R.C. 2929.15(B)(1). The statute provides: "If the conditions of a community control sanction imposed for a felony are violated * * * the sentencing court may impose on the violator * * * (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit * * * (b) A more restrictive sanction * * * including but not limited to, a new term in a community-based correctional facility, halfway house, or jail  * * * (c) A prison term on the offender * * *."

**{¶11}** In this case, the trial court sentenced Appellant accordingly under R.C. 2929.15(B)(1)(b). It imposed a more restrictive sanction – terminating community control and imposing a jail sentence. Under R.C. 2929.15(B)(1), the trial court was not required to extend community control sanctions. Appellant's sentence does not violate R.C. 2929.15(B)(1) and is thus not contrary to law.

**{¶12}** Moreover, we review a trial court's revoking community control under an abuse of discretion standard, and a "'trial court's decision to revoke community control even for a "minor" violation, is not an abuse of discretion.'" *State v. Solomon*, 11th Dist. Portage No. 2017-P-0078, 2019-Ohio-1841, ¶ 21, quoting *State v. Herald*, 3rd Dist.

4

Case No. 2023-A-0016

Defiance No. 4-16-09, 2016-Ohio-7733, ¶ 28. An abuse of discretion is a term of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-78 (1925). Stated differently, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004).

{¶13} "'A trial court does not abuse its discretion by revoking an offender's community control where the violation in question was one over which the offender had control.'" *State v. Noonan*, 12th Dist. Butler Nos. CA2018-10-203 & CA2018-10-204, 2019-Ohio-2960, ¶ 19, quoting *State v. Tranter*, 12th Dist. Clermont No. CA2000-05-035, 2001 WL 290192, *3 (Mar. 26, 2001). "The privilege of community control rests upon a defendant's compliance with the conditions of community control and any violation of those conditions may properly be used to revoke the privilege." *State v. Ryan*, 11th Dist. Lake No. 2021-L-032, 2021-Ohio-4059, ¶ 25.

{¶14} Appellant pled guilty to violating a community control condition – not appearing to the probation department for approximately two years. The trial court thus did not abuse its discretion in revoking Appellant's community control.

{¶15} Appellant's potential issue is without merit.

{¶16} After a thorough and independent review of the record, we find no arguable issues necessitating the appointment of new counsel. The instant appeal is without merit and wholly frivolous.

5

Case No. 2023-A-0016

{¶17} Counsel's Motion to Withdraw is granted and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

6

Case No. 2023-A-0016